IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  CR.S-07-0248 WBS |
| Plaintiff, | |
| v. | ORDER RE DEFENDANT FUENTES' MOTION FOR DISCLOSURE OF |
| EDWARD FUENTES, et al., | <u>MINISTERIAL GRAND JURY RECORDS</u> |
| Defendants. | |
| _____/ | |

On April 30, 2008, this matter came before the undersigned for hearing on defendant Edward Fuentes' motion for disclosure of ministerial grand jury records. All of the other defendants joined in that motion. Attorney John Balazs appeared on behalf of defendant Edward Fuentes and argued the motion on behalf of all defendants. Assistant United States Attorney Jason Hitt appeared on behalf of the government. At the conclusion of the hearing defense counsel requested leave to file a post-hearing supplemental brief. The request was not opposed and on May 2, 2008, the post-hearing brief was
/////

1

filed.  For the reasons set forth below, the motion is granted in part and denied in part.

## ANALYSIS

By this motion, defendants seek disclosure of nine categories of documents characterized as "ministerial records" of the grand jury that returned the indictment in this case.

Specifically, defendants seek an order from the court requiring the government to provide the following:

1. Any order reflecting the beginning or extension of the term of any grand juries that investigated Edward Fuentes or other defendants in this case, including but not limited to the grand jury which returned the indictment herein;

2. Roll sheets reflecting composition of the grand jury;

3. Attendance records of the jurors, and any substitutions;

4. Records setting forth the method by which the grand jury was empaneled;

5. A transcript of the Court's instructions and charges to the grand jury;

6. Voting records related to any decision to extend the life of the grand jury;

7. All records of disclosure of names of persons receiving information about matters occurring before the grand jury, as defined in Federal Rule of Criminal Procedure § 6(e);

8. A list of all persons to whom grand jury materials were disclosed, the date of such disclosure, letters or warnings given to any person regarding disclosure, and any petitions for disclosure; and

2

        9.    A copy of all grand jury subpoenas for documents or testimony issued in this case, as well as the dates materials obtained from the subpoenas were returned to the grand jury and a list of all exhibits or documentary evidence presented to the grand jury.

(Def.'s Notice of Mot. at 1-2.)

        In support of this request for disclosure, defendants have relied in large part on the authority of In re Special Grand Jury (for Anchorage, Alaska), 674 F.2d 778 (9th Cir. 1992). In opposition, the government took the position that the requested records were protected from disclosure absent the moving party's ability to demonstrate with particularity the existence of a compelling need sufficient to outweigh the policy of grand jury secrecy. (See Gov't. Resp. at 4-5). In addition, the government offered opposition to each of the specific requests.

        Below, the court will address the merits of defendants' motion and rule on each of their requests for disclosure.

**The Right of Access to Ministerial Records and its Application**

        Although supported by some precedent, defendants' request for disclosure is relatively unique. As other courts have recognized, there is a "paucity of judicial authority in this area." In re Grand Jury Investigation, 903 F.2d 180, 184 (3d Cir. 1990); see also In re Special Grand Jury (for Anchorage, Alaska), 674 F.2d at 780 ("The parties have not cited any case addressing the availability of such a right in the area of grand jury ministerial records, nor has our research disclosed any."); In re Grand Jury Proceedings, Special Grand Jury 89-2, 813 F. Supp. 1451, 1469 (D. Colo. 1992).

3

Nonetheless, disclosure of certain categories of the requested records is justified under the holding of the court in <u>In re Special Grand Jury (for Anchorage, Alaska)</u>, 674 F.2d 778 (9th Cir. 1992). In that case, appellants, who had been the subject of a grand jury investigation for approximately two years, moved the district court for access to certain "ministerial records" for the grand jury conducting the investigation. 674 F.2d at 779. The district court denied the motion. <u>Id</u>. The Ninth Circuit Court of Appeals reversed and remanded to the district court for a determination of the scope of the right of access to public records as it applied in the context of the ministerial records of the grand jury. 674 F.2d at 784. In this regard the court observed:

> [W]e perceive no reason, nor has the government offered any, why the public should not have access to the kind of records sought here. The importance of public access to judicial records and documents cannot be belittled. We therefore hold that, as members of the public, the appellants have a right, subject to the rule of grand jury secrecy, of access to the ministerial records in the files of the district court having jurisdiction of the grand jury. Absent specific and substantial reasons for refusal, such access should not be denied.

674 F.2d at 781.

The opinion in <u>In Re Special Grand Jury (for Anchorage, Alaska)</u> left for the district court the determination of which grand jury records should be open to the public. Thus, the court did not rule on any of the specific requests for disclosure made in that case, many of which are adopted in defendants' request here. <u>See</u> 674 F.2d at 779 n.1. Indeed, in even using the term "ministerial records" in

4

referring to the requested documents, the court emphasized that such usage did not express a judgment as to which records were disclosable. Id.  While basing its holding upon a recognition of the public's general right of access to court records and documents (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-98 (1978)), the court also found that such a right was tempered by the long-standing policies underlying the rule of grand jury secrecy. Id. at 781.  The court declined to "attempt . . . any detailed characterization of the scope of the public access right as it applies in this context," deferring instead to the district court "to work out the details of the access doctrine in an appropriate way." Id. at 784.  In this way, "[t]he Ninth Circuit thus set forth an instructive standard, which permits disclosure of ministerial grand jury records that do not reveal the substance or essence of the grand jury's investigation or deliberations." United States v. Diaz, 236 F.R.D. 470, 476 (N.D. Cal. 2006).

With this guidance, this court begins by recognizing that Federal Rule of Criminal Procedure 6(e) codifies the long standing policy of secrecy surrounding federal grand jury proceedings. Specifically, Rule 6(e)(2) prohibits disclosure of "matters occurring before the grand jury." See In re Special Grand Jury (for Anchorage, Alaska), 674 F.2d 778, 781 (9th Cir. 1992); In re Grand Jury Investigation, 903 F.2d 180, 181-182 (3d Cir. 1980); see also In re Grand Jury Proceedings, Special Grand Jury 89-2, 813 F. Supp. 1451, 1469 (D. Colo. 1992).  The courts which have addressed this issue suggest that protection from public disclosure extends to both records

5

reflecting matters occurring before the grand jury, and records documenting non-substantive incidents of grand jury proceedings (such as names of grand jurors) which would inhibit the freedom and integrity of the deliberative process.  <u>See</u>, <u>e.g.</u>, <u>In re Grand Jury Investigation</u>, 903 F.2d at 182 (cautioning against an overly strict construction of Rule 6(e)); <u>In re Special Grand Jury (for Anchorage, Alaska</u>, 674 F.2d at 781-782 (concluding that grand jury secrecy doctrine extends beyond the scope of Rule 6(e))).  Keeping this standard in mind, the court turns to the defendants' specific requests for disclosure.

**<u>Defendants' Specific Requests for Disclosure</u>**

**Request 1 - Orders reflecting the beginning term and extension of the terms of any grand jury investigating the defendants.**

These are ministerial grand jury records which are properly subject to disclosure.  <u>See</u> <u>In re Grand Jury Investigation</u>, 903 F.2d at 183-184, & n.7 (holding that termination date of grand jury term subject to disclosure, and describing an informal survey indicating that such information is a matter of public record in the vast majority of United States District Courts, including the Eastern District of California); <u>United States v. Diaz</u>, 236 F.R.D. 470, 478-79 (N.D. Cal. 2006) (granting this same request); <u>In re Grand Jury Proceedings</u>, 813 F. Supp. at 1470 (ordering disclosure of orders authorizing the extension of the grand jury).

Accordingly, the request will be granted.  The government is directed to produce any such orders that may be discovered in its possession.  In addition, the Clerk of the Court is directed to make

copies of any such orders in the court's records available to counsel for defendants.  To the extent necessary to comply with this order the undersigned also orders that any such orders currently filed under seal be unsealed.

**Requests 2 & 3 - Roll sheets reflecting composition of the grand jury and attendance records.**

The government opposes this request on the grounds that the information sought is protected by both Rule 6(e) and general principles of grand jury secrecy.  The court finds that argument persuasive.

Even with the names of grand jurors replaced by numbers, the information sought could, if revealed, impinge upon the freedom and integrity of the grand jury's deliberative process.  Moreover, counsel for defendants have offered no practical need for disclosure of such information which, as far as the court is aware, has never before been considered to be a public court record.  Therefore, this request will be denied.  See In re Special Grand Jury (for Anchorage, Alaska), 674 F.2d at 782 (stating, without holding, with respect to this same request "[i]t would be reasonable to hold that this element of the request runs afoul of the doctrine of grand jury secrecy, in spite of the fact that it seems not to fall within the scope of the Rule 6(e) language."); Diaz, 236 F.R.D. at 480 (denying similar request).[1]

/////

---

[1] However, the Clerk of the Court is directed to provide to defense counsel the number of names on the master wheel venire for the grand jury in question as well as the number of Hispanic and Asian surnames in that venire.

7

1 **Request 4 - Records setting forth the method of empaneling the**
2 **grand jury**.

3 This request seeks ministerial records of the grand jury
4 that are subject to disclosure.  See In re Special Grand Jury (for
5 Anchorage, Alaska), 674 F.2d at 779; Diaz, 236 F.R.D. at 478.  This
6 request will be granted with the same directive as issued with respect
7 to request 1.

8 **Request 5 - A transcript of the court's instructions and charges**
9 **to the grand jury**.

10 The government opposes this request on the grounds that the
11 defendants have not made a showing of particularized need.  The
12 argument is unpersuasive.  The defendants are entitled to the
13 transcript of the instructions and charges to the grand jury.  See
14 United States v. Alter, 482 F.2d 1016, 1029, n.21 (9th Cir. 1973); see
15 also United States v. Marcucci, 299 F.3d 1156 (9th Cir. 2002)
16 (addressing challenge to a grand jury charge), cert. denied, 538 U.S.
17 934 (2003); Diaz, 236 F.R.D. at 477-78 (granting same request).

18 This request will be granted with the same directive as
19 issued with respect to request 1.  If no transcript of the
20 instructions and charges to the grand jury has been prepared, the
21 Clerk of the Court is directed to have it prepared and made available
22 to defense counsel.

23 **Request 6 - Voting records related to any decision to extend the**
24 **life of the grand jury**.

25 These requested records are nonministerial in nature and
26 disclosure of such voting records would encroach upon grand jury

secrecy. See In re Special Grand Jury (for Anchorage, Alaska), 674 F.2d at 780. This is particularly the case since the term "matters occurring before the grand jury" is to be interpreted broadly in determining the scope of grand jury secrecy. In re Grand Jury Investigation, 903 F.2d at 182. Accordingly, this request will be denied. In re Grand Jury Proceedings, 813 F. Supp. at 1470 (denying similar request); Diaz, 236 F.R.D. at 479 (same).

**Requests 7 & 8 - Disclosure of names of persons receiving information about matters occurring before the grand jury and other records related to such disclosures**.

Through these requests defense counsel seeks disclosure of documentation that the government is required to provide to the court upon disclosure of information under Fed. R. Crim. P. 6(e)(3)(A)(ii). See Fed. R. Crim. P. 6(e)(3)(B). Although two district courts have concluded without analysis that such records are nonministerial in nature (In re Grand Jury Proceedings, 813 F. Supp. at 1470 and Diaz, 236 F.R.D. at 480), the Ninth Circuit has placed them in the category of ministerial records "to reflect the fact that they generally relate to the procedural aspects of the empaneling and operation" of the grand jury. In re Grand Jury (for Anchorage, Alaska), 674 F.2d at 779, n.1.

Accordingly, in keeping with the Ninth Circuit's characterization of such records, the undersigned will order that the government produce such records for in camera review so that the court may determine which grand jury disclosure records are ministerial in nature and which, if any, would disclose matters occurring before the

grand jury and therefore should remain secret. Along with the <u>in camera</u> submission the government should provide the court with its specific position with respect to disclosure for each document as well as the basis for that position.

**Request 9 - Copies of all grand jury subpoenas issued in this case as well as dates any subpoenaed materials were returned to the grand jury and a list of exhibits and documentary evidence presented**.

Counsel for the defendants have attempted to limit this request in a manner so as to characterize it as one seeking records that are merely ministerial. Nonetheless, the requested records (whether already existing, or created in response to the request) would appear to reflect both matters occurring before the grand jury as well as the grand jury investigative process itself. Absent a compelling showing of need as to these materials, which, as far as this court is aware have never been deemed public records by any court, an order requiring their disclosure is not appropriate. See <u>Diaz</u>, 236 F.R.D. at 479-80 (denying a request that sought this information).

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendants' requests for disclosure 1, 4, and 5 are granted with the directions as indicated above. With respect to these requests, the government shall produce any records in its possession within fourteen days of the date of this order with a continuing obligation to produce such records if they are later discovered and

10

the Clerk of the Court is directed to provide copies of any such records held by the court to defendants' counsel;

    2.  Defendants' requests 7 and 8 are granted in part and the government is ordered to file its submission and documents for <u>in camera</u> review within fourteen days of the date of this order; and

    3.  Defendants' requests for disclosure 2, 3, 6 and 9 are denied.[2]

DATED: June 24, 2008.

                                            DALE A. DROZD
                                            UNITED STATES MAGISTRATE JUDGE

DAD:lg
Fuentes.0248.grandjury

---

[2] As to requests 2 and 3, as noted above, the Clerk of the Court is directed to provide to defense counsel the number of names on the master wheel venire for the grand jury in question as well as the number of Hispanic and Asian surnames in that venire.

11