UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD FUENTES,<br><br>Defendant. | Cr. No. 2:07-0248-11 WBS<br><br>ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |

----oo0oo----

Before the court is defendant Edward Fuentes' Motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) ("section 3582(c)(2)") and Amendment 782 to the United States Sentencing Guidelines ("Guidelines"). (Def.'s Mot. (Docket No. 1509).)

On March 28, 2011, defendant pled guilty without a plea agreement to one count of conspiracy to distribute and possess with intent to distribute at least fifty grams of methamphetamine and at least five kilograms of cocaine, marijuana, and MDMA in violation of 21 U.S.C. §§ 841(a)(1) and 846 and two counts of use

1

of a communication facility for the purpose of drug trafficking in violation of 21 U.S.C. § 843(b). (See Docket No. 816; Judgment (Docket No. 1086).) The United States Probation Office issued a presentence report in which it recommended a total offense level of 37 and criminal history category of III, and a resulting Guidelines sentencing range of 262 to 327 months, for defendant. (See Presentence Report at 23.)

The court held an evidentiary hearing with respect to defendant's Guidelines calculation in December 2011. (See Docket Nos. 1030-31, 1033.) In May 2012, the court issued an order in which it found defendant's total offense level to be 33 and criminal history category to be III, and his Guidelines sentencing range to be 168 to 210 months. (May 1, 2012 Order (Docket No. 1080).) Noting that defendant has not "left the Court with the impression that [he will not] resume the kind of criminal activities [he was] involved with before [he was] arrested after [he is] released from prison," the court upwardly departed from defendant's Guidelines range and sentenced defendant to 240 months in prison. (May 7, 2012 Tr. at 52 (Docket No. 1124).)

In November 2014, the United States Sentencing Commission ("Commission") promulgated Amendment 782 to the Guidelines, which reduced the base offense level of many drug crimes listed in the Guidelines drug quantity table by two levels. United States v. Mitchell, Cr. No. 1:12-0199 LJO SKO, 2016 WL 4161082, at *1 (E.D. Cal. Aug. 4, 2016). The Commission voted to make Amendment 782 retroactively applicable. See U.S.S.G., sup. App'x C, amend. 788 (2014); United States v.

Navarro, 800 F.3d 1104, 1107 (9th Cir. 2015).

Defendant contends that Amendment 782 reduced his total offense level to 31, which, in conjunction with his criminal history category, yields an amended Guidelines sentencing range of 135 to 168 months. (Def.'s Mot. at 3-4.) Defendant now moves to reduce his sentence to 198 months pursuant to Amendment 782 and section 3582(c)(2). (Id. at 5.) The government opposes defendant's Motion. (Gov't's Opp'n (Docket No. 1519).)

Section 3582(c)(2) allows the court to "reduce the term of imprisonment" of a defendant who was "sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Supreme Court held in Dillon v. United States, 560 U.S. 817 (2010) that section 3582(c)(2) "establishes a two-step inquiry." Id. at 826. At step one, the court must determine whether a sentence reduction would be consistent with section 1B1.10 of the Guidelines ("section 1B1.10"). Id. "At step two," the court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies [stated in section 1B1.10] is warranted in whole or in part under the particular circumstances of the case." Id. at 827. At step two, the court "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "may consider [the defendant's] post-sentencing conduct." See U.S.S.G. § 1B1.10, comment. n.1(B).

The government concedes, at Dillon step one, that Amendment 782 reduced defendant's Guidelines sentencing range to

3

135 to 168 months, and reducing defendant's sentence would be consistent with section 1B1.10. (See Gov't's Opp'n at 3.)

At Dillon step two, however, the government asks the court to exercise its discretion to deny defendant's Motion. The government notes, in support of its request, that at the time of sentencing, the court stated that "the totality of the evidence leaves the court convinced that [defendant] was involved with more drugs than the specific quantities established through evidence" and defendant's sentence was based on "the most conservative estimation." (Id. at 5 (quoting May 1, 2012 Order at 14-15).) The government further notes that defendant: (1) held a leadership role within the Nuestra Familia, a violent criminal organization, (id. at 4 (citing May 1, 2012 Order at 9-11, 33-35)); (2) had previously been convicted of voluntary manslaughter and attempted robbery, (id.; see also Presentence Report at 14); and (3) fought with another prisoner in 2013 and attempted to send gang-related correspondence from prison in 2014, (Gov't's Opp'n at 6).

Defendant cites, as counter-considerations, that his involvement in dealing drugs "was for only a few months" and "he had . . . no connection with drug trafficking outside a relatively small area in Merced." (Def.'s Reply at 2 (Docket No. 1562).) Defendant also notes that since being incarcerated, he has participated in a number of educational programs and earned his GED, and was recently transferred to a low-security correctional institution. (Id. at 2-3.)

Upon review of the entire file, and in consideration of the applicable 18 U.S.C. § 3553(a) factors, defendant's post-

4

sentencing conduct, and the safety risk to the public, the court agrees with the government that a sentence reduction is not warranted in defendant's case.  While defendant appears to have made some progress in prison since 2014, his criminal record, gang affiliation, and prison disciplinary history persuade the court that the goals of public safety and ensuring adequate deterrence for defendant's crimes are still better served by defendant serving the entirety of his sentence.  Defendant's arguments as to the scope of his crimes are also unavailing, as defendant is already receiving the benefit of "the most conservative estimation" of the amount of drugs he was responsible for.

IT IS THEREFORE ORDERED that defendant's Motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) be, and the same hereby is, DENIED.

Dated: August 18, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE