UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>EDWARD FUENTES,<br><br>         Defendant. | No. 2:07-CR-0248-11 WBS<br><br><br><br>ORDER |

----oo0oo----

Before the court is defendant Edward Fuentes' emergency motion for sentence reduction pursuant to 18 U.S.C. §§ 3582(c)(2) and (c)(1)(A)(i).  (Def.'s Mot. (Docket No. 1637).)  The government opposes defendant's motion.  (Gov't Opp'n (Docket No. 1640).)

I.   Background

In 2011, defendant pled guilty to one count of conspiracy to distribute controlled substances and to two counts of using a communication facility to facilitate the conspiracy to possess with intent to distribute.  (Docket No. 816.)  At the

1

time of sentencing, the Sentencing Guidelines range was 168-210 months based on defendant's offense level of 33 and a criminal history category of III.  (Calculation of Sentencing Guidelines at 52 (Docket No. 1080).)  Following a lengthy sentencing hearing, the court sentenced Fuentes to 240 months imprisonment on May 10, 2012.  (Docket No. 1086.)

On March 14, 2017, defendant brought a Section 3582(c)(2) motion to reduce his sentence in light of U.S. Sentencing Guideline Amendment 782, which reduced the base level sentence applicable to his offense.  (Docket No. 1509.)  The court denied the motion, finding that although defendant was eligible for a sentence reduction under Amendment 782, complete review of his file and consideration of the factors set forth in 18 U.S.C. § 3553(a) counseled against reducing his sentence because of "his criminal record, gang affiliation, and prison disciplinary history."  (Order Denying Mot. for Sentence Reduction at 4-5 (Docket No. 1578).)

Now, on April 6, 2020, defendant has filed this "Emergency Motion to Reduce Sentence," in which he renews his motion to reduce his sentence under Section 3582(c)(2), or in the alternative, moves for his release under Section 3582(c)(1)(A).  (Def.'s Mot. at 2-3.)  Specifically, defendant requests release from his confinement at FCI Oakdale in Oakdale, Louisiana to his parents' home in Mission, Texas due to the COVID-19 pandemic.  (Id. at 1.)

II. Discussion

    A.   Section 3582(c)(2) Motion

Section 3582(c)(2) allows a federal court to "modify a

2

term of imprisonment" where "a defendant [was] sentenced . . . based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(2). Whether to award a sentence reduction under Section 3582 involves a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826 (2010). First, a court must "determine that a reduction is consistent with [the policies set forth in] § 1B1.10" of the Sentencing Guidelines. Id. Second, courts must consider "any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id. at 827. A court retains jurisdiction to hear a renewed motion to reduce sentence under Section 3582(c)(2). United States v. Trujillo, 713 F.3d 1003, 1006-08 (9th Cir. 2013).

Defendant argues COVID-19 is an "overriding factor under § 3553(a) that was neither present at the time of sentencing nor during consideration of Fuentes's prior § 3582(c)(2) motion." (Def.'s Mot. at 15.) He argues a time-served sentence and a 60-month term of supervised release at his parent's home would be consistent with the goals of Section 3553(a). (Id. at 5-6.) In response, the government argues that the Bureau of Prisons ("BOP") alone has authority to designate inmates to a particular place of confinement. (Gov't Opp'n at 16.)

While COVID-19 was not a consideration the last time defendant's sentence reduction motion was before this court, the defendant's criminal record, gang affiliation, and prison

3

disciplinary history continue to counsel against reducing his sentence to time served.  (See Order Denying Mot. for Sentence Reduction at 4-5.)  Furthermore, while defendant argues his transfer to a low-level security prison should persuade the court to revisit his motion, he fails to cite any authority to support that proposition.  (Def.'s Reply at 2 (Docket No. 1643).)  Under 18 U.S.C. § 3621(b), the BOP has the exclusive authority to "designate the place of the prisoner's imprisonment."  Such an order is "not reviewable by any court."  18 U.S.C. § 3621(b); see also United States v. Ceballos, 671 F.3d 852, 855 (9th Cir. 2011) ("While a [district court] judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served.  Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons.").

        The court does not have the authority to designate defendant's place of confinement under normal circumstances, nor does it have the authority during the COVID-19 pandemic.  See United States v. Eberhart, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *3 (N.D. Cal. Mar. 25, 2020) (finding the court has no authority to release a defendant to home confinement or a halfway house during COVID-19 pandemic).  Accordingly, the court will deny defendant's renewed Section 3582(c)(2) motion.

        B.    Section 3582(c)(1)(A) Motion

        Alternatively, defendant argues he should be released from confinement under 18 U.S.C. § 3582(c)(1)(A).  Generally, a federal district court "may not modify a term of imprisonment

once it has been imposed." 18 U.S.C. § 3582(c); see also Dillon, 560 U.S. at 824-25.  However, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, permits a court to reduce a defendant's sentence "upon a motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  Specifically, Section 3582(c)(1)(A)(i) permits compassionate release of inmates for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).

"The administrative-exhaustion provision of the [First Step Act] is mandatory; it is a statutorily-created exhaustion provision rather than a judicially-created provision; and the [First Step Act] does not include 'its own textual exception' to the exhaustion provision." United States v. Meron, No. 2:18-cr-0209-KJM, 2020 WL 1873900, at *2 (E.D. Cal. Apr. 15, 2020) (quoting United States v. Holden, NO. 3:13-CR-00444-BR, 2020 WL 1673440, at *10 (D. Or. Apr. 6, 2020)).  "[T]hat mandatory language means a court may not excuse a failure to exhaust." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016).

At the time defendant's motion was filed, defendant had not petitioned Oakdale's warden for his release.  (Gov.'s Opp'n at 2; Def.'s Mot. at 7.)  Defendant's counsel subsequently filed a request for compassionate release with the warden on April 14, 2020.  (Def.'s Reply at 4 n.1.)  But simply filing a request does not satisfy the exhaustion requirement.  In his reply, defendant argues the exhaustion requirement is "a non-jurisdictional, claim processing rule" that is "subject to equitable exceptions."

5

(Reply at 5-6.)  Defendant relies on a litany of cases interpreting other statutory schemes to support this proposition. (See Reply at 6-9 (discussing, inter alia, Title VII of the Civil Rights Act of 1964 and various immigration statutes).)  However, none of those cases involve the interpretation of Section 3152's exhaustion requirement.

After finding it lacked the authority to decide an inmates' compassionate release motion, the Third Circuit concluded a remand to the district court "would be futile" because the defendant had failed to comply with Section 3152(c)(1)(A)'s exhaustion requirement, presenting the district court with "a glaring roadblock" to accessing the defendant's motion.  United States v. Raia, No. GCO-002-E, 2020 WL 1647922, at *2 (3d Cir. Apr. 3, 2020).  Other courts in this district and throughout the Ninth Circuit have found the statute deprives them of the authority to consider a compassionate release request absent exhaustion of administrative remedies.  See, e.g., Meron, 2020 WL 1873900, at *2 (denying compassionate release motion for failure to exhaust administrative remedies); United States v. Fuller, No. CR17-0324JLR, 2020 WL 1847751, at *2 (W.D. Wash. Apr. 13, 2020) ("Because [defendant] filed this motion on his own behalf without first exhausting his administrative remedies or providing BOP with 30 days to respond to his request, the court lacks authority to consider this motion for compassionate release."); United States v. Aguila, No. 2:16-cr-00046-TLN, 2020 WL 1812159, at *1 (E.D. Cal. Apr. 9, 2020) ("Defendant's failure to meet the threshold exhaustion requirement provides grounds to deny his motion without reaching the merits."); Holden, 2020 WL

6

1673440, at *7 ("[T]he Court concludes it may only exercise that authority within the strictures of the statute that grants it, and, as noted, [18 U.S.C. § 3582(c)(1)(A)] does not grant this Court the authority to consider whether to reduce Defendant's sentence until the exhaustion criteria of the [First Step Act] have been met."); United States v. Carver, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020) ("The Court's hands are bound by the statute.... [A]bsent congressional action to relieve inmates of the exhaustion requirement, the Court is unable to provide the relief Defendant seeks."); Eberhart, 2020 WL 1450745, at *2 ("Because defendant has not satisfied the exhaustion requirement, the court lacks authority to grant relief under § 3582(c)(1)(A)(i)."). This court similarly finds it lacks authority to consider defendant's motion for failure to exhaust his administrative remedies.

Even if the court were to reach the merits, it is doubtful that defendant's generalized concerns about contracting COVID-19 are sufficient to show an "extraordinary and compelling" reason for release. While Fuentes admits he "does not appear to fall within any particular high-risk category," he claims that "the spread of COVID-19 puts him and all inmates and staff at FCI Oakdale in unwarranted danger." (Def.'s Mot. at 4.)

Qualifying reasons for release are to be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). These include: (1) a "terminal illness" or "a serious physical or medical condition" from which the defendant "is not expected to recover"; (2) a "serious deterioration in physical or mental health," due to

7

aging; and (3) the "death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13, cmt 1.[1]  While these examples are not exhaustive, other courts have found general concerns about possible exposure to COVID-19 "do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement."  See Aguila, 2020 WL 1812159, at *2 (quoting Eberhart, 2020 WL 1450745, at *2); see also Fuller, 2020 WL 1847751, at *2 ("[R]equests for release that are based on vague, generalized, or unsupported allegations are unlikely to receive favorable consideration.").

Here, defendant's arguments regarding the generalized risk of contracting COVID-19 would apply to everyone in confinement at Oakdale FCI.  The court recognizes the unique and unprecedented dangers posed by the coronavirus.  Under these circumstances, however, defendant has not shown the risks of

---

[1] Defendant urges this court to disregard this policy statement because it was adopted before Congress passed the First Step Act.  (Def.'s Mot. at 9-10).  The court recognizes that some district courts have held that this policy statement does not apply to motions for compassionate release.  Compare United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *6 (M.D. N.C. June 28, 2019) ("While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)") with United States v. Shields, No. 12-cr-00410-BLF-1, 2019 WL 2359231, at *4 (N.D. Cal. June 4, 2019) (rejecting argument that the court may disregard § 1B1.13 because it has not yet been amended pursuant to the First Step Act), reconsideration denied (N.D. Cal. June 27, 2019).  In the absence of controlling authority or additional guidance, the court will join other district courts in California and follow the guidance set forth by the Sentencing Commission in its policy statement.  See Shields, 2019 WL 2359231, at *4; see also Eberhart, 2020 WL 145074, at *2.

COVID-19 present extraordinary circumstances warranting defendant's release at this time.

Because defendant has failed to comply with the exhaustion requirements and has failed to show there are "extraordinary and compelling reasons" for his release, defendant's motion for sentence reduction pursuant to §§ 3582(c)(2) and 3582(c)(1)(A)(i) (Docket No. 1637) is DENIED.

IT IS SO ORDERED.

Dated: April 21, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE